UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY JO SENNEFF,

      Plaintiff,

v.

      Civil Case No. 15-13667
      Honorable Linda V. Parker

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S OCTOBER 31, 2016 REPORT AND RECOMMENDATION [ECF NO. 19]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12]; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13]**

On October 19, 2015, Plaintiff filed this lawsuit challenging Defendant's final decision denying her application for benefits under the Social Security Act. On the same date, the matter was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 12, 13.)

On October 19, 2016, Magistrate Judge Whalen issued his R&R in which he recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act. (ECF No. 19.) In his analysis of Plaintiff's claim in the R&R, Magistrate Judge Whalen first rejects Plaintiff's argument that the administrative law judge ("ALJ") erred in discounting the opinion of her treating physician, Nalini Samuel, M.D. (*Id*. at 13-18.) Magistrate Judge Whalen next rejects Plaintiff's argument that substantial evidence does not support the ALJ's credibility determination. (*Id*. at 18-21.) Magistrate Judge Whalen concludes by advising the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id* at 21-22.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at 21.) Plaintiff filed objections on November 14, 2016. (ECF No. 20.) Defendant responded to Plaintiff's objections on November 16, 2016. (ECF No. 21.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to

certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Plaintiff raises two objections to the R&R. First, she reiterates the argument asserted in her summary judgment motion that the ALJ failed to provide a rationale for rejecting Dr. Samuel's opinions. (ECF No. 20 at 2-3.) Second, Plaintiff argues that the State Agency Medical Consultant, Jogendra Singh, M.D., failed to identify the records reviewed and, for that reason, his opinions should not have been given more weight than Dr. Samuel's opinions. (*Id*. at 4-5.) Plaintiff takes issue with Magistrate Judge Whalen's finding that Dr. Singh considered her records up to January 2013. (*Id*. at 4.)

As an initial matter, to properly object to the R&R, Plaintiff must do more than merely restate the arguments set forth in her summary judgment motion. *See Owens v. Comm'r of Soc. Sec.*, 1:13-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (indicating that the "Court is not obligated to address objections [which are merely recitations of the identical arguments made before the magistrate judge] because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations") (emphasis in original); *see also*

3

*Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple"); *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."). Yet in her first objection, Plaintiff re-asserts the arguments stated in her summary judgment motion to support her claim of error in the ALJ's analysis of Dr. Samuel's option without identifying how Magistrate Judge Whalen erred in evaluating those arguments. For the reasons Magistrate Whalen provided in his R&R, Plaintiff's arguments are without merit.

The ALJ explained that she found Dr. Samuel's opinion "not well supported by medically acceptable clinical or diagnostic findings or by the claimant's treatment history." (ALJ's decision at 6, ECF No. 6-2 at Pg ID 48.) In her decision, the ALJ also specifically identified those findings and history. (*Id*. at 4-10.) Having reviewed the record, this Court finds substantial evidence in the record supporting the ALJ's decision.

Plaintiff argues in her second objection that, contrary to Magistrate Judge Whalen's finding, Dr. Singh does not identify what, if anything, he reviewed to provide an opinion as to Plaintiff's residual functional capacity. Plaintiff maintains

4

that the record is silent as to what Dr. Singh reviewed. The form Dr. Singh completed, however, instructed: "base your conclusions on **all evidence** in file[.] (ECF No. 6-7 at Pg ID 421, emphasis in original). Further, Dr. Singh wrote in his analysis that the "[e]vidence **in the file** does not support the degree of impairment alleged by [Plaintiff]." (*Id*. at 426, emphasis added.) Plaintiff has no basis to contend that Dr. Singh did not review and consider all the evidence in her file.

Nevertheless, even if the ALJ should have discounted Dr. Singh's opinion due to his failure to identify the specific records he reviewed, there was sufficient independent evidence in the record to support the ALJ's rejection of Dr. Samuel's opinion and the ALJ's RFC finding. In other words, any error was harmless.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Whalen's October 31, 2016 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 13) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's

application for benefits under the Social Security Act is **AFFIRMED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 23, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 23, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
